545 So.2d 1312 (1989)
Shirley McNAMARA, Secretary of the Department of Revenue and Taxation, State of Louisiana
v.
SCURLOCK OIL COMPANY.
No. CA 88 0703.
Court of Appeal of Louisiana, First Circuit.
June 20, 1989.
Art Haack, Baton Rouge, for plaintiff-appellee Shirley McNamara, Secretary of the Dept. of Revenue and Taxation.
R. Gray Sexton, Baton Rouge, William Buzo, Larry Carver, Lexington, Ky., William Whatley, Baton Rouge, for defendant-appellant Scurlock Oil Co.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
Scurlock Oil Company (Scurlock) purchased oil from Louisiana producers and *1313 withheld severance taxes on the purchase price due the owners. The taxes withheld were paid to the Department of Revenue and Taxation of the State of Louisiana (Department) on a monthly basis. The amount of taxes withheld and paid was dependent on whether the oil was produced from a stripper well pursuant to La.R.S. 47:633(7) (prior to its amendment by La.Acts 1987, No. 755, § 2 and La.Acts 1987, No. 821, § 1). The certification as a stripper well was to be renewed monthly.
It is uncontested that Scurlock duly paid taxes based on the information furnished by its producers. Based on an audit of the years 1979 through 1981 by the Department, it was discovered that on various occasions the producers had not complied with the requirements to attain stripper well status and on these occasions Scurlock had withheld from the producers and paid to the Department severance taxes at the reduced rates of 6½ or 3 1/8% rather than the full rate of 12½ On February 24, 1983, the Department assessed Scurlock for a deficiency in severance taxes. Scurlock paid the sum of $442,495.82 under protest and sought review from the Board of Tax Appeals which ruled in favor of Scurlock. The Department sought judicial review of the decision wherein the trial court reversed the decision of the Board of Tax Appeals and rendered judgment in favor of the Department. From this judgment Scurlock appeals alleging several assignments of error.

LIABILITY OF SCURLOCK
Appellant alleges that the trial court erred in holding Scurlock liable for the assessment under La.R.S. 47:638 in that La. Const. art. VII, § 4 and La.R.S. 47:631-646 places the liability of the severance tax on the owner at the time of severance. In withholding taxes from the owners and paying the taxes to the Department, Scurlock contends that it acted as agent for the state, fulfilling its duties in good faith reliance on the information furnished to Scurlock by the producers. Further, the underpayment of taxes was a direct result of the Department's failure to determine whether the certification of the stripper wells was accurate.
La. Const. art. VII, § 4 authorizes the legislature to tax the severance of natural resources "to be paid proportionately by the owners thereof at the time of severance." The taxes are to be paid monthly by the owner(s) at the time of severance. La.R.S. 47:632. The severer must file monthly reports with the Department documenting the kind and quantity of resource severed. La.R.S. 47:635. The severer is required to withhold taxes from direct payments to the owners of any royalty interest. La.R.S. 47:636. However, the severer is not required to withhold the severance tax where a purchaser purchases natural resources from the severer under a contract requiring the purchaser to directly pay the owners. La.R.S. 47:637. Under such circumstances, the purchaser is required to withhold the severance taxes from payments made to the owner and file the requisite reports and pay the taxes due. However, the person severing the natural resources is not released from liability for payment of the taxes. La.R.S. 47:638.
Although the state has imposed a charge on the owner of the natural resources at the time of severance, it has imposed a duty on the purchaser under La.R.S. 47:638 to withhold the tax from payment due the owner and to pay such taxes to the Department. The purchaser's duty to deduct from the purchase price and remit to the Department the full amount of taxes due is mandatory and unconditional. State v. Standard Oil Co. of Louisiana, 188 La. 978, 178 So. 601 (1937). Thus, having entered into a contract with the owner pursuant to La.R.S. 47:637, Scurlock was required under La. 47:638 to deduct and remit the tax due to the Department.
Scurlock contends that the Department's failure to "perform its statutory duties was the direct cause of any underwithholding of the severance taxes".
Stripper well status is determined by the Department on the basis of the certification and monthly reports furnished by the severer. Thus, the lower tax rate is applicable for the months in question only upon compliance *1314 with the monthly filing and certification requirements of La.R.S. 47:633. Secretary of the Department of Revenue and Taxation v. Texas Gas Exploration Corporation, 506 So.2d 528 (La.App. 1st Cir.), writ denied 511 So.2d 1153 (La.1987).
Scurlock's payment of the lower tax rate was based on the information contained in a SEV-03 form furnished to Scurlock by the producer. The SEV-03 form was also sent by the producer to the Department. The producer, not the Department, must certify the stripper well status on a monthly basis. The Department discovered in a subsequent audit that on certain occasions the reports and SEV-03 forms were not timely filed, in violation of La.R.S. 47:633. For those months Scurlock paid at the reduced rate. Noncompliance with La.R.S. 47:633, not fault of the Department, was the reason that stripper well status was not achieved. This resulted in Scurlock's loss of entitlement to payment of taxes at the reduced rate.

RES JUDICATA
Appellant filed the peremptory exception raising the objection of res judicata for the first time on appeal. Scurlock alleges that in case No. 281,797 before the Nineteenth Judicial District Court, the same parties (Scurlock and the Department) litigated the issue of whether Scurlock, as purchaser, was liable for the assessment of severance taxes based on late filings of the requisite forms with the Department. Scurlock contends that the principle of res judicata should apply because the parties and the issue litigated were the same.
In order for the principle of res judicata to apply the demand must be the same, the parties must be the same and the demand must be founded on the same cause of action. La.R.S. 13:4231 (This provision formerly appeared in La.C.C. art. 2286.) From a review of the record we determine that Suit No. 281,797 involved Amcole Energy Corporation, Vern Wilson Energy, Inc. as owner producers, and Scurlock as purchaser. The audit period was August, 1982, and "October through March 1982-83". The assessment was for oil severed from the Minnie Bell Greenwood Waskom Field Lease.
The instant case involves different producers, specific wells from various fields and oil produced from January, 1979 through December, 1981. Thus, res judicata does not act as a bar to the instant case. Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Scurlock.
AFFIRMED.