579 So.2d 499 (1991)
Mary B. COTTEN, Executrix of the Succession of Relmon E. Cotten and C.T. Carden, d/b/a Corporate Jet Service
v.
COLLECTOR OF REVENUE, STATE OF LOUISIANA.
No. 90-CA-1383.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1991.
Marlon V. Harrison, Marlin Gusman, Baton Rouge, for appellant.
Kenneth J. Berke, Berke & Ingolia, Metairie, for appellees.
Before KLEES, CIACCIO and LOBRANO, JJ.
CIACCIO, Judge.
The Department of Revenue and Taxation for the State of Louisiana, (Department) appeals a judgment of the district court which reversed a decision of the Board of Tax Appeals and dismissed the Department's claim that petitioners owed additional sales taxes on the purchase of an aircraft.

FACTS
Although the recording of the hearing before the Board of Tax Appeals was lost and no transcript was furnished to the trial court, our review of the record shows that these facts are undisputed.
1. In the latter half of 1981 Relmon E. Cotten (deceased and represented by his *500 succession's executrix) and C.T. Carden (Petitioners) formed a business called Corporate Jet Service, for the purpose of operating a passenger air charter service in Louisiana.
2. Petitioners intended to engage in both intrastate and interstate air service.
3. Because Petitioners could not engage in interstate passenger service without a F.A.A. air carrier operating certificate, in the latter part of December, 1981, Petitioners entered into an Aircraft Operation Management Agreement with Jet America Corporation, a Louisiana corporation, which provided for the operation of Petitioners' aircraft under Jet America's F.A.A. certificate, thus allowing the aircraft to operate "for hire" in interstate commerce until Petitioners obtained their own F.A.A. certificate.
4. On December 22, 1981 Petitioners purchased a 1981 Cessna Citation aircraft in Wichita, Kansas for the price of $2,350,000 and brought it to the New Orleans Lakefront Airport from which it was operated in their business.
5. Petitioners paid no sales or use tax to any governmental body on the purchase of the aircraft.
6. Petitioners were unaware of their sales tax liability to the State of Louisiana arising from the importation of the aircraft into this state and were also unaware of the special tax treatment to which they would be entitled under LSA-R.S. 47:306.1 because the aircraft was to be used in interstate commerce.
7. The Department learned of the purchase of the aircraft when Petitioners were issued their F.A.A. certificate in June of 1982.
8. In August of 1982 Petitioners received a notice from the Department assessing sales taxes in the amount of $70,500 plus interest and penalties, based upon the purchase price of the aircraft.
9. Petitioners responded by tendering a check for $19,029.47 using the formula set forth in LSA-R.S. 47:306.1.
10. The Department denied Petitioners entitlement to the 306.1 exemption or right to utilize the alternative calculation because petitioners had not registered as a dealer prior to the purchase and importation of the aircraft.
11. In November, 1982, Petitioners applied for an interstate carrier dealer's registration and obtained it from the Department in March, 1983.
12. Petitioners applied to the Board of Tax Appeals for relief from the Department's assessment but the Board denied their appeal by judgment rendered on August 27, 1985.
13. Petitioners filed a petition for judicial review and the trial judge ruled in their favor and dismissed the tax claim of the Department.

APPEAL
On appeal, the Department argues that petitioners were not entitled to the exemption granted to a registered dealer by LSA-R.S. 47:306.1 because they did not timely file for their registration. Absent the exemption, the Department urges that petitioners are liable for the full tax imposed by LSA-R.S. 47:302A(2). We agree.
It is well settled that statutes imposing taxes are liberally construed in favor of the taxpayer, whereas exemptions from taxation are to be strictly construed against the person claiming the exemption, and any plausible doubt is fatal. An exemption being an exceptional privilege must be clearly, unequivocally and affirmatively established. McNamara v. Central Marine Service, Inc., 507 So.2d 207 (La. 1987); Vulcan Foundry, Inc. v. McNamara, 414 So.2d 1193 (La.1981); Ethyl Corp. v. Collector of Revenue, 351 So.2d 1290 (La.App. 1st Cir.1977), writ denied, 353 So.2d 1035 (La.1978).
LSA-R.S. 47:302A(2) specifically provides:
Imposition of tax
A. There is hereby levied a tax upon the sale at retail, the use, the consumption, the distribution, and the storage for use or consumption in this state, of each item or article of tangible personal property, *501 as defined herein, the levy of said tax to be as follows:
* * * * * *
(2) At the rate of two per centum (2%) of the cost price of each item or article of tangible personal property when the same is not sold but is used, consumed, distributed, or stored for use or consumption in this state; provided there shall be no duplication of the tax.
Further, LSA-R.S. 47:306.1 provides:
Section 306.1. Collection from interstate and foreign transportation dealers Persons, as defined in this Chapter, engaged in the business of transporting passengers or property for hire in interstate or foreign commerce, whether by railroad, railway, automobile, motor truck, boat, ship, aircraft or other means, may, at their option under rules and regulations prescribed by the collector, register as dealers and pay the taxes imposed by R.S. 47:302A on the basis of the formula hereinafter provided.
Such persons, when properly registered as dealers, may make purchases in this state or import property into this state without payment of the sales or use taxes imposed by R.S. 47:302A at the time of purchase or importation, provided such purchases or importations are made in strict compliance with the rules and regulations of the collector. Thereafter, on or before the 20th day of the month following the purchase or importation, the dealer shall transmit to the collector, on forms secured by him, returns showing gross purchases and importations of tangible personal property, the cost price of which has not previously been included in a return to the state. The amount of such purchases and importations shall be multiplied by a fraction, the numerator of which is Louisiana mileage operated by the taxpayer and the denominator of which is the total mileage, to obtain the taxable amount of tax basis. This amount shall be multiplied by the tax rate to disclose the tax due.
Each such dealer, at the time of making the return required hereunder, shall remit to the collector the tax due for the preceding calendar month as shown on the return.
LSA-R.S. 47:306.1 was apparently enacted to meet the U.S. constitutional prohibition against the unfair taxation of interstate commerce. It sets up a procedure for pro-rating the sales or use tax based upon the use of the aircraft, in this case, within the State of Louisiana.
The clear, unambiguous language of the statute requires registration as a dealer prior to importation of the aircraft as a prerequisite for entitlement to the exemption. We do not find this registration requirement to be unreasonable as it is a valid enforcement tool to identify those items of tangible personal property purchased outside of the State of Louisiana and subsequently imported for use in this state. We presume that the issuance of the F.A.A. certificate to petitioners in June of 1982 triggered a report to the Department that the unreported purchase of the aircraft by petitioners had taken place several months earlier.
It is undisputed that petitioners did not register as a dealer before importing the aircraft into Louisiana, and, thus, did not meet the requirements of the exemption statute. Failure to strictly comply with the requirements of filing monthly reports resulted in a denial of severance tax exemptions in McNamara v. Scurlock Oil Co., 545 So.2d 1312 (La.App. 1st Cir.1989), writ denied, 550 So.2d 652 (La.1989) and in Department of Revenue & Taxation v. Texas Gas Exploration Corp., 506 So.2d 528 (La. App. 1st Cir.1987), writ denied, 511 So.2d 1153 (La.1987). The Department urges the same result in this case.
The trial judge in his reasons for judgment stated:
I conclude that R.S. 47:306.1 was in part incorrectly interpreted by both the appellants-taxpayers and by the respondent-Collector of Revenue. The Court interprets R.S. 47:306.1 as follows: Once registration takes place, the taxpayer may use the alternative calculation provided in R.S. 47:306.1 for the payment of sales or use taxes due under R.S. 47:302A. One cannot register with the *502 state under the promulgated regulations until one has first registered with the appropriate federal agency. FAA regulations require ownership of an aircraft before it will certify that the aircraft is subject to federal regulatory agencies. 49 U.S.C. 1401. Ergo, ownership of the aircraft must pre-date FAA registration. Once FAA registration is completed, the registering party is then eligible for the special taxing provisions of R.S. 47:306.1. The Department's regulations envision a party's right to qualify after the fact to obtain the favorable taxing provisions. (Emphasis supplied)
The Louisiana Administrative Code, Chapter 43, Title 61, Section 4353 provides in part:
Section 4353. Collection from Interstate and Foreign Transportation Dealers R.S. 47:306.1 specifically provides for an option by persons engaged in interstate or foreign commerce transporting passengers or property for hire to register as dealers and pay the taxes imposed by R.S. 47:302(A) on the basis of the formula hereinafter provided ...
All persons engaged in the business of transporting passengers or property for hire in interstate or foreign commerce can avail themselves of this option; however, only such purchases and importations, as hereinafter defined, used in the furtherance of the interstate or foreign commerce activity will come under this option....
Carriers which elect to report and pay Louisiana sales and use taxes under the optional formula provided by R.S. 47:306.1 shall be governed by the provisions set forth below.
Carriers desiring to avail themselves of the provisions of this optional formula, which have not previously registered with the secretary for such purposes, shall apply to the secretary for an interstate or foreign carrier dealer's number, and submit satisfactory proof to the secretary that they are engaged in the transporting of passengers or property for hire in interstate or foreign commerce. Proof that they are subject to appropriate federal regulatory agencies, such as the ICC, CAA, etc., shall normally be sufficient. The secretary shall then issue a registration number which may be used for the purpose of making purchases or importations into this state without payment of sales or use taxes at the time of purchase or importation. (Emphasis supplied)
On or before the twentieth day of each month, the carrier shall transmit to the secretary on forms furnished by the secretary, returns showing the gross purchases and importations. The taxable base shall be determined by applying the mileage ratio (miles traveled in Louisiana divided by total miles traveled) to the gross amount referred to above. The prevailing tax rate shall be applied to the taxable base to determine the amount of tax due.
We find that the trial judge erred in his interpretation of LSA-R.S. 47:306.1. No language in the statute or regulations prohibits or precludes registration as a dealer unless the applicant has "first registered with the appropriate federal agency." Section 4353 creates a presumption that a person subject to Federal regulation by the ICC or, inferentially, the F.A.A., is engaged in interstate commerce and thus, entitled to the special tax treatment. However, nothing in the language of the statute or regulation precludes an applicant from proving, by other means, that he is engaged in interstate commerce. The trial judge was clearly wrong to find to the contrary.
In their petition to the Board of Tax Appeals Petitioners admit that they were advised by the Department that they should have filed their application for a dealer's registration number before importing the aircraft into Louisiana even though they did not then possess a F.A.A. operating certificate. Petitioners alleged that such action was not contemplated by LSA-R.S. 47:306.1 and "would have been a useless endeavor." We disagree.
In their petition to the Board of Tax Appeals petitioners alleged the establishment of a company "Corporate Jet Service" *503 and the existence of an Aircraft Operation-Management Agreement with Jet America Corporation which provided for the operation of petitioners' aircraft under Jet America Corporation's Air Carrier Operating Certificate until such time as petitioners' obtained their own F.A.A. certificate. We cannot conclude that petitioners would have been denied registration as a dealer if they had supported their application with a copy of the Jet America agreement together with other documentation, by affidavit or otherwise, to substantiate that the aircraft contemplated to be purchased was, in fact, to be used for hire in interstate commerce. Petitioners did not allege nor did they offer any proof of an attempt to register as a dealer prior to the importation of the aircraft nor did they prove that their application would have been denied because of the lack of a F.A.A. certificate. Absent such proof it was error for the trial judge to conclude that a denial would have necessarily occurred.
Petitioners admitted in their petition to the Board of Tax Appeals that prior to August 17, 1982, they were unaware of the provisions of LSA-R.S. 47:302 as it related to the purchase and use of their aircraft. They offer their ignorance of the law as an excuse for their failure to register as a dealer. We need no citation to reaffirm that ignorance of tax laws is not a valid defense for non-compliance.
The language of LSA-R.S. 47:306.1 is clear and unambiguous. A person may, at his option, register as a dealer with the State of Louisiana. Only then can he utilize the statutory exemption in calculating the taxes imposed by LSA-R.S. 47:302A. In the instant case, petitioners bought the aircraft on December 22, 1981. Although they began using it, flying to and from Louisiana at that time, petitioners did not apply to register as a dealer with the state until November 8, 1982. Petitioners failed to satisfy the statutory requirements and therefore did not qualify for the exemption provided for in LSA-R.S. 47:306.1.
When defendants elected to bring the aircraft into Louisiana without having qualified as a registered dealer they made themselves liable for the sales and use tax at that time. The registration some nine months later did not relieve them of that liability.
In their appellate brief and at oral argument, petitioners urge that the Department's interpretation of LSA-R.S. 47:306.1 violates Article I, section 8 of the United-States Constitution, prohibiting state taxation of interstate commerce. Although petitioners did not raise the constitutionality of the statute as an issue to be reviewed on appeal and have not answered the appeal, we find that LSA-R.S. 47:306.1 and its interpretation by the Department are not violative of the United States Constitution.
Accordingly, for the foregoing reasons, we reverse the judgment of the trial court. We enter judgment in favor of the Department of Revenue and Taxation, State of Louisiana, reinstating the judgment of the Board of Tax Appeals rendered on August 27, 1985.

REVERSED AND RENDERED.